UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID JONES, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>STATE OF WASHINGTON DEPARTMENT OF FISH AND WILDLIFE, et al.,<br><br>                Defendants. | CASE NO. C16-5637 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

This matter comes before the Court on Defendants' motion for a protective order. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. BACKGROUND

The parties in this case agree that a protective order should be entered to protect confidential information disclosed by all parties, but Plaintiffs and Defendants have been unable to agree on the scope of protection. *See* Dkt. 37. They have attempted in good faith to resolve their concerns, including multiple exchanges of drafts of a proposed stipulated protective order. *Id.* On November 7, 2017, the parties conferenced and determined that they could not resolve their differences.

On December 1, 2017, the parties filed a joint request regarding their disagreement. Dkt. 32. On December 4, 2017, the Court denied the request, stating:

> The problem with the parties' submission is that they have not come to an agreement on a stipulated protective order nor specified any discovery that they seek to protect or compel. Stipulated protective orders are allowed under Local Civil Rule precisely because they are stipulated. *See* W.D. Wash. Local Rules LCR 26(c). Absent such a stipulation, the Court is unaware of any authority to enter such a protective order unless the party seeking a limitation on a discovery disclosure has satisfied its burden under Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26(c)(1). Similarly, the Court cannot compel discovery unless a party seeking discovery has appropriately moved and carried its burden under Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a).
>
> The parties have failed to carry their burden under the applicable Federal Rules of Civil Procedure to either compel or limit discovery. Accordingly, Defendants' motion for a protective order is denied. If Plaintiff seeks discovery of confidential information, Defendants may move for protective relief on the specified discovery and seek an order appropriately limiting such discovery under Federal Rule of Civil Procedure 26(c)(1).

Dkt. 34 at 2.

On January 31, 2018, Defendants filed a new motion for a protective order. Dkt. 36. On February 13, 2018, Plaintiffs responded. Dkt. 38. On February 15, 208, Defendants replied.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders in civil matters. A court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Information sought during pre-trial discovery is presumptively open to the public, but a party seeking a protective order may override this presumption by demonstrating "good cause" that the information should be protected from public

disclosure. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

The moving party bears the burden of showing that "specific prejudice or harm will result if no protective order is granted." *Id.* at 1210. The Court may limit discovery or enter a protective order where the moving party shows that the interests in limiting discovery "outweigh [the discovery's] likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2) (C)(iii). *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469–70 (9th Cir. 1992).

Defendants seek a protective order regarding two specific categories of information. First, Defendants seek to limit the public disclosure of State employees' home addresses, emergency contact information, telephone numbers, and social security numbers. Second, Defendants seek to limit the public disclosure of a somewhat broad and vague category of information that it describes as "enforcement information," including "records related to search warrants."

Plaintiffs do not argue that such information should not be protected generally from public disclosure, although they do comment that arguments could be made regarding overbreadth of the purportedly confidential information. Instead Plaintiffs highlight that the parties' dispute revolves around the extent to which the disclosure of the discoverable information should be limited by any protective order. Defendants request that the Court limit the disclosure of such information to the following persons:

      [1] the receiving party; [2] the parties' attorneys and employees; [3] retained experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"; [4] the Court and court personnel, including court reporters and their staff; [5] copy or imaging services retained by counsel; [6] witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"; and, [7] the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Dkt. 36 at 8. In response, Plaintiffs argue that the list of persons to whom such information could be disclosed should also include "possible witnesses" who have signed the "acknowledgment and Agreement to be Bound," who are defined as follows:

      [P]ossible witnesses shall include persons who are reasonably believed to have first hand knowledge regarding the matters set forth in the Confidential Materials or the veracity of information contained in Confidential Materials or knowledge of the identity of persons with first hand knowledge regarding the information set forth in the Confidential Materials.

Dkt. 38 at 2–3.

      The parties' dispute is minor, which makes their previous attempt to resolve this matter in a stipulated filing understandable. However, at that time, the parties did not brief the issue in light of the rules and standards applicable to a disputed request for a protective order, as they have presently done. In light of the parties' briefing, the Court finds that Defendants have carried their burden in showing that the privacy interests advanced by the requested protective order of discovery likely outweigh the benefits of allowing the disclosure of discovery appropriately designated as "confidential material" to "possible witnesses."

Plaintiff is correct that the costs of discovery could be reduced by allowing the disclosure of confidential information to persons who are reasonably believed to have firsthand information regarding the matters set forth in confidential materials, the veracity of such information, or the identity of persons with such information. *See* Dkt. 38 at 8. However, such a request overlooks the fact that Rule 26 already requires the initial and updated witness disclosures of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). If Plaintiffs' propounded discovery reveals information that is relevant to proving their claims, and such information uncovers the identity of persons likely to have or the subject of discoverable information, that person must already be included in an updated witness disclosure pursuant to the Rule 26. Fed. R. Civ. P. 26(e)(1)(A). As a result, such persons, once properly disclosed, would already be included in Defendants' proposed protective order as witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound." If the Court were to add Plaintiff's proposed language, it could be construed as authorizing Plaintiff to disclose confidential materials to persons whose disclosure is required under Rule 26 before supplementing their witness disclosures, thereby offering an opportunity to tactically assess whether an individual should be used as a witness without the proper disclosure of the individual's identity as a person that is the subject of or likely to have discoverable information. The Court will not include unnecessary language in an order

that could be construed as implicitly permitting a party to circumvent their supplemental discovery obligations under Rule 26(e)(1)(A).

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion (Dkt. 36) is **GRANTED**. The parties shall prepare and jointly file a proposed protective order that sets forth the terms agreed upon by the parties. The proposed protective order shall include language limiting the disclosure of confidential materials to the following persons:

1. The receiving party; the parties' attorneys and employees;

2. Retained experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

3. The Court and court personnel, including court reporters and their staff; copy or imaging services retained by counsel;

4. Witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"; and

5. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Dated this 19th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge